1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                              DISTRICT OF NEVADA

10                                    * * *

11   JANIX, INC.,                    )
                                     )
12                                   )
                      Plaintiff,     )          2:12-cv-02084-GMN-NJK
13                                   )
     vs.                             )
14                                   )
     JOEL RAES and CONSUELA KONI RAES,  )        **O R D E R**
15                                   )
                                     )
16                    Defendants.    )
     _____ )
17

18          Before the Court is Plaintiff's *Ex Parte* Motion to Stay Requirement to File Disocovery

19   Plan (#16), filed on May 20, 2013.

                                 **BACKGROUND**
20

21          On December 6, 2012, the Plaintiff filed a complaint and amended complaint in this

22   matter alleging embezzlement by its former website manager. On April 5, 2013, the Defendants

23   filed a motion to dismiss. That motion to dismiss was fully briefed on May 2, 2013, and is still

     pending.  To date, the parties have not filed a proposed discovery plan and scheduling order as
24
     required by Fed.R.Civ.P. 26.  The Rule 26(f) conference was required to be held within 30 days
25
     of April 5, 2013, when the first Defendants filed their Motion to Dismiss, and the stipulated
26
     discovery plan was due 14 days thereafter.  *See* Local Rule 26-1(d). Thus, the final date to submit
27
     the proposed discovery plan and scheduling order was May 20, 2013.
28

1    Instead of filing a discovery plan, however, according to the Plaintiff, the parties have
2    recently agreed to submit to arbitration on this matter.  The Plaintiff anticipates that a stipulation
3    to arbitrate will be submitted to the Court within two weeks of May 20, 2013. For this reason, the
4    Plaintiff requests that the Court allow the parties to submit their stipulation concerning
5    arbitration in lieu of a discovery plan.  The Plaintiff has filed this request as an *ex parte* motion.[1]

6                                    **DISCUSSION**

7    "When an ex parte motion is filed . . . [t]he judge drops everything except other urgent
8    matters to study the papers. It is assumed that . . . all will be lost unless immediate action is
9    taken." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491-92 (C.D. Cal. 1995).
10   "Lawyers must understand that filing an *ex parte* motion, whether of the pure or hybrid type, is
11   the forensic equivalent of standing in a crowded theater and shouting, 'Fire!' There had better be
12   a fire." *Id*. Accordingly, courts are highly sensitive to unwarranted *ex parte* motions. *Id*.

13   Rule 7–5 of the Local Rules of Practice states, "[a]ll *ex parte* motions, applications or
14   requests shall contain a statement showing good cause why the matter was submitted to the Court
15   without notice to all parties, [and] applications or requests may be submitted *ex parte* only for
16   compelling reasons, and **not for unopposed or emergency motions**." LR 7-5(b)-(c) (emphasis
17   added). In order to show that ex parte relief is necessary, "[f]irst, the evidence must show that the
18   moving party's cause will be irreparably prejudiced if the underlying motion is heard according to
19   regular noticed motion procedures." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp.
20   488, 492 (C.D. Cal. 1995).

21   "A sliding scale is used to measure the threat of prejudice. If the threatened prejudice
22   would not be severe, then it must be apparent that the underlying motion has a high likelihood of
23   success on the merits. If drastic harm is threatened, then it is sufficient to show that there are
24   close issues that justify the court's review before the party suffers the harm." *Id*.

25

---

26       [1]The motion contains a certification that it was served via Nevada's CM/ECF "which will
27   send notification of such filing and constitute e-service of same to Defendants' counsel of record in
     this case." Docket. No. 16, at 3. Since counsel filed this motion *ex parte*, however, this certification
28   is inaccurate. The Plaintiff subsequently filed a separate certification indicating that the motion was
     served via U.S. Mail. Docket No. 17.

1    Here, the Plaintiff failed to show good cause why this motion was submitted to the Court

2    as an *ex parte* motion. See LR 7-5(b). The Plaintiff does not even attempt to argue that it will be

3    irreparably prejudiced  if the underlying motion is heard according to regular noticed motion

4    procedures. Rather, the Plaintiff states that the Defendants have agreed to arbitration and that the

5    parties will be filing a stipulation shortly. If both parties wish to stay this case pending their

6    formal stipulation to arbitrate, the correct manner to make this request is a stipulation to stay.[2]

7    The present motion to stay simply does not establish that the Plaintiff will be irreparably

8    prejudiced if its motion is heard on the regular motion calendar.

9    Additionally, the Court notes that the parties did not properly meet and confer prior to the

10   filing of this motion. LR 26-7(b) provides that a "[d]iscovery motion will not be considered

11   unless a statement of the movant is attached thereto certifying that, after  personal consultation

12   and sincere effort to do so, the parties have not been able to resolve the matter without Court

13   action. LR 26-7.  Personal consultation means the movant must "personally engage in two-way

14   communication with the nonresponding party to meaningfully discuss each contested discovery

15   dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. V. Progressive

16   Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Meaningful discussion means the parties must

17   present the merits of their respective positions and assess the relative strengths of each.  *See

18   Fifty-Six Hope Rd. Music, Ltd. v. Mayah Collections, Inc.*, 2007 WL 1726558, *11 (D. Nev. June

19   11, 2007). Here, the Plaintiff failed to indicate what efforts, if any, were made to meet and confer

20   prior to filing this *ex parte* motion.

21   Accordingly, the parties should properly meet and confer on this issue and try to reach an

22   agreement on this matter. However, if no agreement can be reached, the Plaintiff may re-file this

23   motion as a noticed motion and, upon a showing of good cause, may request an expedited

24   briefing schedule.

25   ...

26   ...

27

28   [2]Stipulations to stay are subject to the requirements articulated in *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597(D. Nev. 2011).

- 3 -

1

**CONCLUSION**

2          Based on the foregoing, and good cause appearing therefore,

3          IT IS HEREBY ORDERED that Plaintiff's *Ex Parte* Motion to Stay Requirement to File

4    Disocovery Plan (#16) is DENIED without prejudice.

5          DATED this __20th__ day of May, 2013

6

7

8          _____
           NANCY J. KOPPE
9          United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28